# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **WILLIAM J. PHILLIPS** | § | |
| | § | |
| **V.** | § | **A-19-CV-1119-LY** |
| | § | |
| **CITY OF CEDAR PARK** | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff William J. Phillips' Motion to Proceed In Forma Pauperis (Dkt. No. 2), and Complaint (Dkt. No. 1). The District Court referred Phillip's Motion to Proceed *In Forma Pauperis* to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Court Rules.

## I. APPLICATION TO PROCEED *IN FORMA PAUPERIS*

After reviewing Phillips' Application to Proceed *In Forma Pauperis*, the Court finds that he is indigent. Accordingly, the Court **HEREBY GRANTS** Phillips *in forma pauperis* status and **ORDERS** his Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Phillips is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994). However, **service upon Defendant should be withheld** pending this Court's review under § 1915(e).

Because Phillips has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under §1915(e)(2) which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "A complaint filed IFP may be dismissed as frivolous if it lacks an arguable basis in law or fact," *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995).

## II. STANDARD OF REVIEW

Because Phillips has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial

plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### III. BACKGROUND

This is the second case that Phillips has filed against a Cedar Park entity. He filed his first case against the Cedar Park Police Department on September 3, 2019, alleging harassment. *Phillips v. Cedar Park Police Dept.*, 1:19-CV-863-LY (W.D. Tex. 2019). In that case, the Court granted Phillips *In Forma Pauperis* status and ordered him to file a more definite statement. In response, Phillips filed a document and attachments showing documentation of three instances where Phillips complained to the City of Cedar Park about the behavior of Cedar Park Police. Specifically, Phillips complained that on January 30, 2019, at 3:35 a.m., he was asleep in his vehicle on private property when unknown officers "approached his vehicle started to strike it, forcing me to wake up." He also complained that on February 25, 2019, at 11:30 a.m., after he filed his first complaint, "I received another knock on my window while waiting on my girlfriend . . . the same parking lot where the first incident took place . . . he asked me what I was doing there and when I told him I'm a member of the gym, he told me he did not believe me and called for backup." Phillips stated "I believe this is retaliation due to the first complaint." Phillips also included a one-page document identifying a complaint he filed against a particular officer on July 17, 2019. The undersigned issued a Report and

Recommendation on October 8, 2019, recommending that the district court dismiss Phillips' suit with prejudice. Phillips did not object to the Report and Recommendation and the district court dismissed that suit with prejudice on November 6, 2019. Eight days later, Phillips filed this action, with the identical attachments, again alleging harassment by the Cedar Park Police Department, based upon his same prior complaints. The only difference is that in this filing he names the City of Cedar Park, as opposed to the Cedar Park Police Department, as the defendant.

### IV. ANALYSIS

Phillips new suit has a number of fatal deficiencies. Though Phillips fails to identify a statute or cause of action under which he is bringing his claim of "harassment," the Court assumes for the sake of argument that he is asserting the claim under 42 U.S.C. § 1983. Section 1983 provides a private cause of action against those who, under color of law, deprive a citizen of the United States of "any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff "must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). Despite this being the second suit he has filed on this same basis, and despite the fact that the undersigned recommended dismissal for failure to identify a constitutional deprivation in his prior suit, Phillips has again failed to identify either prong of the two elements required to state a claim under § 1983.

Second, to impose liability against a municipality under Section 1983, the constitutional violation "must be directly attributable to the municipality through some sort of official action or imprimatur." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). In other words, there

4

must be allegations of an official policy or custom that is the "moving force" behind the violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Not only has Phillips failed to identify a necessary underlying constitutional violation, Phillips has failed to identify any official action by the City of Cedar Park, which is required before the City can be held liable.

Lastly, Phillips claims are barred by *res judicata*. "True *res judicata* 'has four elements: (1) the parties to the two suits are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions.' " *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 467 (5th Cir. 2013). "The rule is that *res judicata* bars all claims that were or could have been advanced in support of the cause of action on the occasion of its former adjudication . . . not merely those that were adjudicated." *Howe v. Vaughan (Matter of Howe)*, 913 F.2d 1138, 1144 (5th Cir. 1990).

Phillips is merely attempting to re-file his prior case, asserting the same claims he already asserted against the Cedar Park Police Department against the City of Cedar Park. These entities are in privity. Moreover, the district court is undisputably a court of competent jurisdiction to hear Phillips' § 1983 claim. As to finality, the district court dismissed Phillips' prior suit with prejudice. "Generally, a federal court's dismissal with prejudice is a final judgment on the merits for *res judicata* purposes." *Stevens v. Bank of America, N.A.*, 587 F. App'x 130, 133 (5th Cir. 2014) (citing *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009)). Thus, because he could have asserted his claims against the City of Cedar Park when he sued the Cedar Park Police Department and did not—even when given the opportunity to replead— the Court finds that Phillips' claims are

5

barred by *res judicata*. Phillips has failed to state a claim for relief and his lawsuit should be dismissed under § 1915(e)(2)(B).

## IV. VEXATIOUS FILINGS

Additionally, this is the second frivolous case Phillips has filed in approximately two months. The undersigned **WARNS** Phillips that the continued filing of frivolous suits could lead to the entry of a sanction against him, which could include either a monetary assessment, a bar to filing future suits, or both.

## V. RECOMMENDATIONS

In accordance with the foregoing discussion, service upon Defendant should be withheld pending the District Court's review of the recommendations made in this report. The undersigned **FURTHER RECOMMENDS** that the District Court **DISMISS** Phillips' Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

## VI. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C);

*Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 24th day of January, 2020.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE